UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 11-20386

vs.

                              HON. GEORGE CARAM STEEH

LAWRENCE SAMPLE,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTIONS
FOR RECONSIDERATION [DOCS. 45 AND 46]

On December 1, 2011, defendant filed a motion for a Franks Hearing and several motions to suppress evidence seized from a number of residences. After the parties briefed all of the issues raised by defendant, the court held an evidentiary hearing, at which time the court heard testimony regarding the issues raised in defendant's motions. During the hearing, defendant attempted to question witnesses on alleged false statements or omissions related to various search warrant affidavits, which were not previously raised by defendant in his motions. Following the hearing, the court permitted defendant to file a supplemental brief related to any additional allegations of false statements.

On February 6, 2012, defendant filed a supplemental brief to which the government responded. On March 6, 2012, the court entered an order denying each of defendant's motions, including his motion for a Franks Hearing. Defendant has filed a motion for reconsideration which is presently before the court.

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

Defendant's motion requests that the court reconsider the denial of the Franks Hearing, the motion to suppress evidence seized from McNichols and the motion to suppress evidence seized from Farmbrook.

In support of a Franks Hearing, defendant points out a previous criminal case in which Agent DeBottis submitted an affidavit wherein he identified the defendant, Purifoy, as involved in various activities, but when faced with contrary evidence on the stand he admitted that he misidentified the man as Purifoy. The Sixth Circuit in that case upheld the district court's conclusion that defendant Purifoy did not produce evidence to suggest that any false information provided by DeBottis was not the result of a simple mistake. United States v. Purifoy, 396 Fed. Appx. 202 (6th Cir. 2010). The court concluded that DeBottis' reasonable misidentification was not made recklessly.

Defendant suggests that Purifoy supports a finding that DeBottis has a pattern of misidentifying defendants in search warrant affidavits, which cannot be characterized as anything other than deliberately reckless. However, the Purifoy case, involving one of what must be hundreds of investigations worked on by DeBottis, and which found no recklessness by DeBottis, does not raise a palpable defect by which the court has been

misled. Defendant's motion for reconsideration of the court's denial of a Franks Hearing is DENIED.

Defendant's next motion for reconsideration relates to the motion to suppress evidence seized from the McNichols residence. In a supplemental exhibit filed February 14, 2012, defendant submitted the February 10, 2012 affidavit of a Mark Burley. Mr. Burley's connection to this matter was not explained until the motion for reconsideration, which identifies Mr. Burley as the superintendent of the McNichols apartment complex. According to Mr. Burley's affidavit, a federal agent advised him that a search of the McNichol's apartment was being executed, and that the agents "were not going to need to force entry. They stated they had obtained the keys outside from the subject of the search."

In seeking suppression of evidence, the burden of proof is on the defendant. United States v. Feldman, 606 F.2d 673, 679 n. 11 (6th Cir.1979). Mr. Burley could have been called to testify at the evidentiary hearing on January 23, 2012, but he was not called. In addition, the affidavit does not squarely answer the issue of whether the agents were given lawful consent to enter the common door of the McNichols apartment complex. While it appears that Mr. Burley was not present at the apartment complex when the agents were there, the affidavit does not dispute the record testimony that other residents opened the common door of the apartment to let the agents in. The fact that agents told Mr. Burley they had a key from defendant also does not support the implication that they used the key to gain access to the common door.

Defendant informs the court that this week the Supreme Court granted certiorari in the case of Florida v. Harris on the issue of whether an alert by a narcotics detection

3

dog is sufficient to establish probable cause for the search of a vehicle. This court finds that even without the K9's alert at the door to defendant's McNichols apartment, there is sufficient probable cause within the four corners of the affidavit. This evidence is more fully described in the court's order of March 6, 2012.

For the reasons just described, defendant's motion for reconsideration of the court's order denying the motion to suppress evidence seized from McNichols is DENIED.

Defendant's motion for reconsideration concludes by arguing that the court should have suppressed evidence seized from Farmbrook because there was no criminal activity linked to the Farmbrook address. As this court previously found, there was sufficient evidence linking defendant to criminal activity, and sufficient evidence linking defendant and his 2003 white Cadillac to the Farmbrook address. The affidavit submitted regarding Farmbrook describes the items believed to be located therein, and ties such expectations to the affiant's professional experience. Defendant has neither demonstrated a palpable defect by which the court has been mislead, nor that a different conclusion must be reached with regard to the evidence seized from Farmbrook. Defendant's motion for reconsideration as it relates to evidence seized from Farmbrook is DENIED.

IT IS ORDERED that defendant's motions for reconsideration are DENIED in their entirety.

Dated: March 29, 2012

                                            S/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 29, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk