UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

- vs-

LAWRENCE SAMPLE,

        Defendant.
_____/

CRIMINAL NO.11-20386

HON. George Caram Steeh

## **PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, an Indictment was filed on or about June 16, 2011 which charged Defendant LAWRENCE SAMPLE, with, *inter alia*, possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) (Counts One and Two), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(l) (Count Twelve).

WHEREAS, the Indictment includes forfeiture allegations providing that upon conviction of the offenses alleged in Counts Three and Twelve the defendant, LAWRENCE SAMPLE, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in or used in the knowing commission of the offense.

WHEREAS, on August 20, 2012, Defendant LAWRENCE SAMPLE entered into a Rule 11 Plea Agreement, wherein he pleaded guilty to Counts One, Two, Three, and Twelve of the Indictment, and agreed, pursuant to 18 U.S.C. § 924(d) to the forfeiture, *inter alia*, of the following firearms as property involved in violations of 18 U.S.C. § 922(g):

- One (1) Calico M-950 9 mm firearm, serial number obliterated
- One (1) Maverick 12 gauge shotgun, serial number MV95129A
- One (1) Taurus .44 Magnum revolver, Model 2959, serial number SA718298
- One (1) Intratec 9mm, ModelTec 9, serial number obliterated

(hereinafter, "subject firearms").

WHEREAS, Defendant LAWRENCE SAMPLE also agreed to the entry of a preliminary order of forfeiture incorporating this personal property as mandated by Fed. R. Crim. P. 32.2(b)(2).

NOW, THEREFORE, based upon the Indictment, Defendant LAWRENCE SAMPLE's acknowledgment of forfeiture, the Rule 11 Plea Agreement, and the information in the record:

IT IS HEREBY ORDERED that any right, title and interest of Defendant in the subject firearms, IS HEREBY FORFEITED to the United States and EXTINGUISHED;

IT IS FURTHER ORDERED that, upon entry of this Order, the United States is hereby authorized to commence ancillary proceedings to adjudicate the rights of third parties in the above-listed property, if any, including giving notice of this Order;

IT IS FURTHER ORDERED that the United States shall publish notice of this Order of Forfeiture and its intent to dispose of the property on the Government's forfeiture website (www.forfeiture.gov) for at least 30 consecutive days, in such manner as is consistent with the provisions of Fed. R. Crim. P. 32.2(b)(6) and Supplemental Rule G(4)(a)(iv)(C). The United States shall also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property. Said notice shall direct that any person asserting a legal interest in the property, other than Defendant LAWRENCE SAMPLE, may file a petition for ancillary hearing with the Court within thirty (30) days of the final publication of

notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED that, following the Court's disposition of all third-party interests in favor of the United States, if any, or if there are none, upon the expiration of the thirty day period in 21 U.S.C. § 853(n)(2) and upon proof of publication and notice to any persons known to have alleged an interest in the personal property, this order shall become the Final Order of Forfeiture pursuant to Fed.R.Crim.P. 32.2(c)(2). Thereupon, the United States shall have clear title to the personal property, and the United States Marshals Service, or its designee, will be authorized to dispose of the forfeited personal property in accordance with the law.

IT IS FURTHER ORDERED that, pursuant to Fed.R.Crim.P. 32.3(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the criminal judgment.

Dated: 12/5/12

HONORABLE GEORGE CARAM STEEH
United States District Judge